DARREN S. ENENSTEIN (SBN 195894)
*dse@enensteinlaw.com*
NED M. GELHAAR (SBN 163185)
*ngelhaar@enensteinlaw.com*
**ENENSTEIN PHAM & GLASS, LLP**
12121Wilshire Boulevard, Suite 600
Los Angeles, California 90025
Tel (310) 899-2070
Fax (310) 496-1930
Attorneys for Plaintiff Marantz Brothers, Inc. d/b/a Cooperative Purchasers

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARANTZ BROTHERS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>TATE & LYLE INGREDIENTS AMERICAS LLC, a Delaware Limited Liability Company; VINCENT PINNERI, an individual; PERRY TESSITORE, an individual; and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No. 2:20-cv-00317 PSG (AFMx)<br><br>**DISCOVERY MATTER: PLAINTIFF'S APPLICATION FOR LEAVE TO FILE PORTIONS OF JOINT STIPULATION PER L.R. 37-2 RE MOTION FOR *IN CAMERA* REVIEW AND/OR PRODUCTION OF DOCUMENTS UNDER CRIME-FRAUD EXCEPTION TO ATTORNEY CLIENT PRIVILEGE AND SUPPORTING DOCUMENTS UNDER SEAL**<br><br>*[Declaration of Ned M. Gelhaar, Esq. and Notice of Motion and Motion for* In Camera *Review And/or Production of Documents Under Crime-Fraud Exception to Attorney Client Privilege filed herewith]*<br><br>**Honorable Alexander F. MacKinnon**<br>**DATE:** **January 18, 2022**<br>**TIME:** **10:00 a.m.**<br>**LOCATION: Courtroom 780** |

1
2
3
4
5

Roybal Federal Bldg. and Courthouse
255 E. Temple St., 7th Floor
Los Angeles, California 90012

**Discovery Cut Off: February 11, 2022**
**Pretrial-Conference: May 6, 2022**
**Trial Date: May 19, 2022**

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I. INTRODUCTION

Pursuant to Local Rule 79-5.2, plaintiff Marantz Brothers, LLC d/b/a Cooperative Purchasers ("Co-Op") hereby applies for leave to file under seal portions of Co-Op's and defendant Tate & Lyle Ingredients Americas, LLC's ("T&L") Joint Stipulation Pursuant to Local Rule 37-2 Re Co-Op's Motion For *In Camera* Review And/Or Production Of Documents Under Crime-Fraud Exception To Attorney Client Privilege ("Joint Stipulation") and the documents supporting the Joint Stipulation, including declarations and exhibits, and subsequent filings in support of or opposing the Motion For *In Camera* Review And/Or Production Of Documents Under Crime-Fraud Exception To Attorney Client Privilege. Attached as Exhibit A to the concurrently filed Declaration of Ned M. Gelhaar ("Gelhaar Decl.") is the REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL. Gelhaar Decl., ¶10. Pursuant to Judge Alexander F. MacKinnon's Judge's Procedures, in addition to filing this Application, this Application and a PDF version of the materials to be filed under seal are being submitted by email to Judge MacKinnon's Chambers by email; and a Notice of Manual Filing, this Application, the proposed order, and the proposed under seal documents are being delivered to Judge MacKinnon's drop box.

On January 21, 2020, the Court issued its Order Granting Marantz Brothers, LLC's Application for Leave to File Portions of Complaint under seal. Dkt. 9. Co-Op seeks leave to file portions of the Joint Stipulation and the supporting documents for the same reasons as its original Complaint, *viz*. that it contains information that could be subject to the terms of confidentiality agreements with a third party to the lawsuit and there are documents referenced in the Joint Stipulation and supporting documents that are subject to Co-Op's and T&L's Protective Order. Dkt. 65.

3
PLAINTIFF'S APPLICATION FOR LEAVE TO FILE PORTIONS OF JOINT STIPULATION RE MOTION FOR *IN CAMERA* REVIEW AND/OR PRODUCTION OF DOCUMENTS UNDER SEAL

As discussed below, the redacted versions of the Joint Stipulation and supporting documents contain limited portions of confidential information which have been redacted. As with the Complaint, the redacted portions of the Joint Stipulation and supporting documents contain background and contextual information that is tangentially related to the case and could be subject to the terms of confidentiality agreements with a third party to the lawsuit as well as the Protective Order in this matter. Co-Op therefore respectfully submits that the unredacted version of the Joint Stipulation and supporting documents should be filed under seal because there is good cause to seal the redacted portions to protect the privacy and commercial interests of the third party, and to prevent a potential breach of Co-Op's contractual obligations to that third party, and to prevent a potential breach of Co-Op's Protective Order with T&L.

## II. PERTINENT FACTS[1]

Co-Op and T&L were close business associates in the food distribution industry for decades. T&L, an ingredient supplier, would sell ingredients to Co-Op, and Co-Op would in turn distribute them to food manufacturers with which it had relationships. Co-Op later entered into negotiations with a larger ingredients distributor, Caldic B.V. ("Caldic") expressed an interest in acquiring Co-Op and began negotiating the same under a nondisclosure agreement ("NDA"), which broadly covered all aspects of the negotiation, including the existence of the negotiation itself. Gelhaar Decl., ¶4.

The negotiations lead to Caldic's purchase of Co-Op's assets in or around October 2018, which is a matter of public record. However, under the terms of the sale documents ("Asset Purchase Agreement"), Co-Op's confidentiality obligations continue indefinitely. Gelhaar Decl., ¶5. Specifically, the NDA states:

---

[1] These facts are essentially reproduced from Co-Op's prior Application.

4
PLAINTIFF'S APPLICATION FOR LEAVE TO FILE PORTIONS OF JOINT STIPULATION RE MOTION FOR *IN CAMERA* REVIEW AND/OR PRODUCTION OF DOCUMENTS UNDER SEAL

> The Company [i.e., Caldic] and Third Party [i.e., Co-Op] wish to explore a business possibility ("Transaction") under which the Company and Third Party may each disclose its Confidential Information to each other. . . . .
>
> "Confidential Information" means any and all information, technical data or know-how, including, but not limited to, that which relates to research, products, services, customers, markets, software, developments, inventions, processes, designs, presentation materials, analyses, forecasts, studies, drawings, engineering, marketing or finances, disclosed orally or in written or electronic form. . . . .
>
> **Neither the receiving party or the disclosing party will**, without the other's prior written consent, **disclose to any person** the fact that the Confidential Information exists or has been made available**, that either the disclosing party or the receiving party is considering a Transaction or that discussions or negotiations are taking or have taken place concerning a Transaction.**

Gelhaar Decl., ¶4 (emphasis added).

Similarly, the Asset Purchase Agreement provides as follows:

> Notwithstanding anything to the contrary contained in this Agreement, except as may be required to comply with the requirements of any applicable Law, from and after the date hereof, no party shall make any press release or similar public announcement or public communication relating to this Agreement unless specifically approved in advance by Buyer and Seller, which approval shall not be unreasonably withheld, conditioned or delayed. . . . .
>
> From and after the date hereof, each of Buyer and the Seller Parties shall, and shall cause each of their respective Affiliates to, keep confidential the terms and existence of this Agreement and the Transaction Documents and the negotiations relating thereto and all documents and information obtained by a party from another party in connection with the transactions contemplated hereby (collectively, the "Confidential Information") except (i) for disclosures otherwise made in satisfaction of any of the obligations under this Agreement or the Transaction Documents, (ii) to the extent required by applicable Law, (iii) for disclosures necessary to enforce or give effect to the

>terms of this Agreement, and (iv) each of Buyer and the Seller Parties may disclose such information to such Person's equity holders or Affiliates, and their respective Representatives but subject to the provisions of the Confidentiality Agreement, dated August 3, 2017, by and between Caldic Canada Inc. and Seller (the "Confidentiality Agreement").

Gelhaar Decl., ¶5.

As detailed in its Third Amended Complaint, Co-Op alleges that T&L acted tortiously and breached contractual obligations in connection with Co-Op's negotiations with Caldic. Some aspects of these negotiations are important background and context to Co-Op's claims against T&L, and are therefore included in Co-Op's factual allegations in the unredacted version of the Joint Stipulation and supporting documents. In the redacted version of the Joint Stipulation and supporting documents, Co-Op has narrowly redacted only the allegations relating to Caldic which could be subject to the Co-Op/Caldic confidentiality agreements and allegations relating to confidential documents obtained from T&L during the course of discovery. These confidential documents are subject to the Protective Order, which was entered into by T&L and Co-Op. Dkt. 65. The Protective Order provides that sensitive documents must remain Confidential if they were so marked during the document production. Co-Op has referenced and incorporated T&L's Confidential documents into the Joint Stipulation and supporting documents and is seeking to seal the unredacted version of the Joint Stipulation and supporting documents to ensure it does not violate the Protective Order.

### III. THERE IS GOOD CAUSE TO SEAL THE UNREDACTED VERSION OF THE JOINT STIPULATION AND SUPPORTING DOCUMENTS

Where matters sought to be sealed are tangentially related to the case, the party seeking to seal such matter must show good cause for doing so. See *The*

6
PLAINTIFF'S APPLICATION FOR LEAVE TO FILE PORTIONS OF JOINT STIPULATION RE MOTION FOR *IN CAMERA* REVIEW AND/OR PRODUCTION OF DOCUMENTS UNDER SEAL

*Center for Auto Safety v Chrysler Group, LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). The good cause requirement derives from FRCP 26(c)(1), which governs the issuance of protective orders in the discovery process. *See id*. at 1097; *see also Fed R. Civ. Pro*. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....") Under this standard, district courts have "broad latitude" to protect many types of information from public disclosure "including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

There is good cause to seal the unredacted version of the Joint Stipulation and supporting documents to prevent Co-Op from potentially violating its obligations under confidentiality agreements with Caldic. Gelhaar Dec., ¶¶6-7. In *Hubrick Limited v. Wanderset, Inc.*, 2019 WL 3000652 at *4 (C.D. Cal. 2019), this court found that preventing such a breach satisfied even the higher "compelling reasons" standard required for sealing dispositive matters:

> In their respective applications to file under seal, Plaintiffs note that if their application to file under seal were not granted, they face a potential lawsuit for violating a confidentiality agreement. (ECF Nos. 11, 40, 47) Defendants specify their potential injury as disclosure of confidential and sensitive business information subject to confidentiality agreements. (ECF No. 28.) Thus Plaintiffs and Defendants' applications to file under seal contain "compelling reasons supported by specific factual findings." *Kamakana*, 447 F.3d at 1178-79.

Here, the NDA prohibits Co-Op from disclosing that either party is considering an acquisition, or that discussions or negotiations are taking or have taken place concerning an acquisition. Gelhaar Decl., ¶4. When Co-Op and Caldic ultimately consummated the transaction, they executed the Asset Purchase

Agreement that further required both Co-Op to keep confidential the terms and existence of the Purchase Agreement, the transaction documents, and the negotiations relating thereto. *Id.*, ¶3.

At the very heart of this lawsuit is Co-Op's contention that T&L wrongfully interfered with Co-Op's negotiations with Caldic regarding Caldic's acquisition of Co-Op. Thus, certain information that may be subject to the confidentiality agreements is important background and context for the material allegations in the Joint Stipulation and supporting documents and any subsequent papers relating to same. Further, this information may be commercially sensitive for Caldic, such as the date the negotiations began and the specific amounts offered for the purchase. The information also contains pertinent and confidential information as to T&L that cannot be shared with the public. As a result, good cause exists for sealing the unredacted version of the Joint Stipulation and supporting documents.

Further, as set forth above, the Joint Stipulation and supporting documents reference documents that are protected by the Protected Order. The documents contain sensitive and confidential information that are the crux of Co-Op's anti-trust and unfair competition arguments. The information related to T&L's confidential information cannot be shared with the public.

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, Co-Op respectfully requests that the Court grant this request to file the Joint Stipulation and supporting documents, and any subsequent papers filed in support of or in opposition to Co-Op's Motion For *In Camera* Review And/Or Production Of Documents Under Crime-Fraud Exception To Attorney Client Privilege, under seal.

DATE: December 28, 2021         **ENENSTEIN PHAM & GLASS**

By: _____
Darren S. Enenstein, Esq.
Ned M. Gelhaar, Esq.
Talia M. Rybak, Esq.
Attorneys for Plaintiff