DARREN S. ENENSTEIN (SBN 195894)
*dse@enensteinlaw.com*
NED M. GELHAAR (SBN 163185)
*ngelhaar@enensteinlaw.com*
MATTHEW W. ROSENE (SBN 294158)
*mrosene@enensteinlaw.com*
**ENENSTEIN PHAM & GLASS, LLP**
12121Wilshire Boulevard, Suite 600
Los Angeles, California 90025
Tel (310) 899-2070
Fax (310) 496-1930
Attorneys for Plaintiff Marantz Brothers, Inc. d/b/a Cooperative Purchasers

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARANTZ BROTHERS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>TATE & LYLE INGREDIENTS AMERICAS LLC, a Delaware Limited Liability Company; VINCENT PINNERI, an individual; PERRY TESSITORE, an individual; and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No. 2:20-cv-00317 PSG (AFMx)<br><br>**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE PORTIONS OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED UNDER SEAL**<br><br>*[Filed concurrently with Declaration of Ned. M. Gelhaar in Support of Plaintiff's Application to File Under Seal; Proposed Order]*<br><br>**Date:     April 29, 2022**<br>**Time:    1:30 p.m.**<br>**Courtroom: 6A**<br><br>Complaint filed: January 20, 2020 |

**I.     INTRODUCTION**

Pursuant to Local Rule 79-5.2, plaintiff Marantz Brothers, LLC d/b/a Cooperative Purchasers ("Co-Op") hereby applies for leave to file under seal portions of the documents listed below ("Partial MSJ Materials"):

a) Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Partial Summary Judgment, or in the Alternative for an Order Treating Specified Facts As Established;

b) Plaintiff's Separate Statement of Uncontroverted Facts and Conclusions of Law.

c) Declaration of Ned Gelhaar In Support of Plaintiff's Motion for Partial Summary Judgment, or in the Alternative for an Order Treating Specified Facts As Established.

As discussed below, Co-Op requests an order to file under seal because Co-Op has filed a motion for Partial Summary Judgment, or in the Alternative for an Order Treating Specified Facts As Established, and supporting documents, that references and incorporates material which could be subject to the terms of confidentiality agreements with a third party to the lawsuit, and which has been designated by the parties and third parties as confidential and/or highly confidential under the Protective Order and Amended Protective Order in this case [Dkt. Nos. 65, 119].

Co-Op therefore respectfully submits that the unredacted version of Co-Op's Partial MSJ Materials should be filed under seal because there is good cause to seal the redacted portions to protect the privacy and commercial interests of hird party, and to prevent a potential breach of Co-Op's contractual obligations to that third party, and to prevent a potential breach of Co-Op's protective orders with T&L.

//
//

## II. PERTINENT FACTS

Co-Op and T&L were close business associates in the food distribution industry for decades. T&L, an ingredient supplier, would sell ingredients to Co-Op, and Co-Op would in turn distribute them to food manufacturers with which it had relationships. Co-Op later entered into negotiations with a larger ingredients distributor, Caldic B.V. ("Caldic") expressed an interest in acquiring Co-Op and began negotiating the same under a nondisclosure agreement ("NDA"), which broadly covered all aspects of the negotiation, including the existence of the negotiation itself. Gelhaar Decl., ¶4.

The negotiations lead to Caldic's purchase of Co-Op's assets in or around October 2018, which is a matter of public record. However, under the terms of the sale documents ("Asset Purchase Agreement"), Co-Op's confidentiality obligations continue indefinitely. Gelhaar Decl., ¶5. Specifically, the NDA states:

> The Company [i.e., Caldic] and Third Party [i.e., Co-Op] wish to explore a business possibility ("Transaction") under which the Company and Third Party may each disclose its Confidential Information to each other. . . . .
>
> "Confidential Information" means any and all information, technical data or know-how, including, but not limited to, that which relates to research, products, services, customers, markets, software, developments, inventions, processes, designs, presentation materials, analyses, forecasts, studies, drawings, engineering, marketing or finances, disclosed orally or in written or electronic form. . . . .
>
> **Neither the receiving party or the disclosing party will**, without the other's prior written consent, **disclose to any person** the fact that the Confidential Information exists or has been made available**, that either the disclosing party or the receiving party is considering a Transaction or that discussions or negotiations are taking or have taken place concerning a Transaction.**

Gelhaar Decl., ¶4 (emphasis added).

Similarly, the Asset Purchase Agreement provides as follows:

> Notwithstanding anything to the contrary contained in this Agreement, except as may be required to comply with the requirements of any applicable Law, from and after the date hereof, no party shall make any press release or similar public announcement or public communication relating to this Agreement unless specifically approved in advance by Buyer and Seller, which approval shall not be unreasonably withheld, conditioned or delayed. . . . .
>
> From and after the date hereof, each of Buyer and the Seller Parties shall, and shall cause each of their respective Affiliates to, keep confidential the terms and existence of this Agreement and the Transaction Documents and the negotiations relating thereto and all documents and information obtained by a party from another party in connection with the transactions contemplated hereby (collectively, the "Confidential Information") except (i) for disclosures otherwise made in satisfaction of any of the obligations under this Agreement or the Transaction Documents, (ii) to the extent required by applicable Law, (iii) for disclosures necessary to enforce or give effect to the terms of this Agreement, and (iv) each of Buyer and the Seller Parties may disclose such information to such Person's equity holders or Affiliates, and their respective Representatives but subject to the provisions of the Confidentiality Agreement, dated August 3, 2017, by and between Caldic Canada Inc. and Seller (the "Confidentiality Agreement").

Gelhaar Decl., ¶5.

As detailed in its Third Amended Complaint, Co-Op alleges that T&L acted tortiously and breached contractual obligations in connection with Co-Op's negotiations with Caldic. Some aspects of these negotiations directly relate to Co-Op's claims against T&L, and are therefore included in Co-Op's unredacted version of the Partial MSJ Materials.

Further, on August 14, 2020, the parties submitted a stipulation for and the Court granted the Protective Order. [Dkt. No. 65]. On November 23, 2021, the parties submitted a stipulation amending the Protective Order. On November 24, 2021, the Court issued the Amended Protective Order. [Dkt. No. 119]. The

4
PLAINTIFF'S APPLICATION FOR LEAVE TO FILE PORTIONS OF
MOTION FOR PARTIAL SUMMARY JUDGMENT
DOCUMENTS UNDER SEAL

protective orders provide that sensitive documents must remain Confidential or Highly Confidential if they were so marked during the document production. Throughout this case, Co-Op, T&L, and multiple third parties have provided information in discovery which has been designated as confidential and/or highly confidential pursuant to the Protective Order and the Amended Protective Order in this case. This includes confidential business information, such as business strategy, pricing, product formulation, and other similar information.

Co-Op has referenced and incorporated documents relating to Caldic which could be subject to the Co-Op/Caldic confidentiality agreements, as well as material which was designated as confidential and/or highly confidential pursuant to this case's protective orders. As such, Co-Op seeks to seal the unredacted version of its Partial MSJ Material.

Co-Op has met and conferred with counsel for T&L who represented that T&L does not oppose this application. Gelhaar Decl., ¶9.

### III. THERE IS GOOD CAUSE TO SEAL THE UNREDACTED VERSION OF THE JOINT STIPULATION AND SUPPORTING DOCUMENTS

Where matters sought to be sealed are tangentially related to the case, the party seeking to seal such matter must show good cause for doing so. See *The Center for Auto Safety v Chrysler Group, LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). The good cause requirement derives from FRCP 26(c)(1), which governs the issuance of protective orders in the discovery process. *See id*. at 1097; *see also Fed R. Civ. Pro*. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....") Under this standard, district courts have "broad latitude" to protect many types of information from public disclosure "including, *but not limited to*, trade secrets or other confidential research, development, or commercial

information." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

There is good cause to seal the unredacted version of Co-Op's Partial MSJ Materials to prevent Co-Op from potentially violating its obligations under confidentiality agreements with Caldic. Gelhaar Dec., ¶¶6-7. In *Hubrick Limited v. Wanderset, Inc.*, 2019 WL 3000652 at *4 (C.D. Cal. 2019), this court found that preventing such a breach satisfied even the higher "compelling reasons" standard required for sealing dispositive matters:

> In their respective applications to file under seal, Plaintiffs note that if their application to file under seal were not granted, they face a potential lawsuit for violating a confidentiality agreement. (ECF Nos. 11, 40, 47) Defendants specify their potential injury as disclosure of confidential and sensitive business information subject to confidentiality agreements. (ECF No. 28.) Thus Plaintiffs and Defendants' applications to file under seal contain "compelling reasons supported by specific factual findings."

*Kamakana*, 447 F.3d at 1178-79.

Here, the NDA prohibits Co-Op from disclosing that either party is considering an acquisition, or that discussions or negotiations are taking or have taken place concerning an acquisition. Gelhaar Decl., ¶4. When Co-Op and Caldic ultimately consummated the transaction, they executed the Asset Purchase Agreement that further required both Co-Op to keep confidential the terms and existence of the Purchase Agreement, the transaction documents, and the negotiations relating thereto. *Id.*, ¶3.

At the very heart of this lawsuit is Co-Op's contention that T&L wrongfully interfered with Co-Op's negotiations with Caldic regarding Caldic's acquisition of Co-Op. Thus, certain information that may be subject to the confidentiality agreements is important background and context for the material allegations in the

Joint Stipulation and supporting documents and any subsequent papers relating to same. Further, this information may be commercially sensitive for Caldic, such as the date the negotiations began and the specific amounts offered for the purchase. The information also contains pertinent and confidential information as to T&L that cannot be shared with the public. As a result, good cause exists for sealing the unredacted version of the Joint Stipulation and supporting documents.

Further, as set forth above, the Joint Stipulation and supporting documents reference documents that are protected by the Protected Order and Amended Protected Order. The documents contain sensitive and confidential information that are the crux of Co-Op's claims and arguments. The information related to T&L's and third parties' confidential information cannot be shared with the public.

### IV.   CONCLUSION

For the foregoing reasons, Co-Op respectfully requests that the Court grant this request to file portions of Plaintiff's Motion for Partial Summary Judgment, or in the Alternative for an Order Treating Specified Facts As Established, and supporting documents, under seal.

DATE: March 11, 2022                     **ENENSTEIN PHAM & GLASS**

By: _____
Darren S. Enenstein, Esq.
Ned M. Gelhaar, Esq.
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I am employed in Orange County, State of California. I am over the age of 18 and not a party to the within action. My business address is 650 Town Center Drive, Suite 840, Costa Mesa, CA 92626.

On March 12, 2022, I served the following document(s) described as:

**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE PORTIONS OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED UNDER SEAL**

on the interested party in this action as stated below:

| | |
|---|---|
| David Harford<br>**Bryan Cave Leighton Paisner LLP**<br>1920 Main Street Suite 1000<br>Irvine, CA 92612<br>*david.harford@bclplaw.com* | *Attorneys for Tate & Lyle Ingredients Americas LLC* |
| Jennifer A. Jackson<br>**Bryan Cave Leighton Paisner LLP**<br>120 Broadway Suite 300<br>Santa Monica, CA 90401-2386<br>*jjackson@bclplaw.com* | *Attorneys for Tate & Lyle Ingredients Americas LLC, Vincent Pinneri, and Perry Tessitore,* |
| David James Root<br>**Bryan Cave Leighton Paisner LLP**<br>120 Broadway, Suite 300<br>Santa Monica, CA 90401<br>*david.root@bclplaw.com* | *Attorneys for Tate & Lyle Ingredients Americas LLCVincent Pinneri. Perry Tessitore,* |

[X]   BY NOTICE OF ELECTRONIC FILING (NEF):  I checked the CM/ECF docket for this case and determined that the interested parties are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated above.

[X]   (FEDERAL) I declare under penalty of perjury under the laws of the United States that the above is true and correct.

*Jennifer Schamberger*
Jennifer Schamberger