DARREN S. ENENSTEIN (SBN 195894)
*dse@enensteinlaw.com*
NED M. GELHAAR (SBN 163185)
*ngelhaar@enensteinlaw.com*
MATTHEW W. ROSENE (SBN 294158)
*mrosene@enensteinlaw.com*
**ENENSTEIN PHAM & GLASS, LLP**
12121 Wilshire Boulevard, Suite 600
Los Angeles, California 90025
Tel (310) 899-2070
Fax (310) 496-1930
Attorneys for Plaintiff Marantz Brothers, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARANTZ BROTHERS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>TATE & LYLE INGREDIENTS AMERICAS LLC, a Delaware Limited Liability Company; VINCENT PINNERI, an individual; PERRY TESSITORE, an individual; TRAVIS ELLIOTT, an individual; and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No. 2:20-cv-00317 PSG (AFMx)<br><br>**DECLARATION OF NED M. GELHAAR, ESQ. IN SUPPORT OF PLAINTIFF'S APPLICATION FOR LEAVE TO FILE PORTIONS OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED UNDER SEAL**<br><br>*[Plaintiff's Application to File Under Seal; Proposed Order]*<br><br>**Date:** April 29, 2022<br>**Time:** 1:300 p.m.<br>**Courtroom: 6A** |

## DECLARATION OF NED M. GELHAAR

I, Ned M. Gelhaar, declare as follows:

1. I am a Partner in the law firm Enenstein Pham & Glass, LLP, counsel for Marantz Brothers, LLC ("Co-Op") in this matter. I submit this declaration in support of Marantz Brothers, LLC's Application for Leave to file under seal portions of Plaintiff's Motion for Partial Summary Judgment, or in the Alternative for an Order Treating Specified Facts As Established ("Motion"), and supporting documents under seal ("Application"). I have personal knowledge of the facts in this declaration and if called as a witness in the matter, I could testify competently to them.

2. Co-Op submits the Application for the same reasons set forth in Co-Op's Application for Leave to File to Portions of Complaint Under Seal filed on January 10, 2020. Further, Co-Op requests to file the Application under seal to prevent a potential breach of its Protective Order and/or Amended Protective Order, which was entered into by Co-Op and T&L. *See* Dkt. Nos. 65 and 119

3. On January 21, 2020, the Court granted Co-Op's request to file portions of the Complaint. [Dkt. 9] On April 15, 2020, the Court issued its Order Granting Marantz Brothers, LLC's Application for Leave to File Portions of First Amended Complaint under seal, which provided that all future amended complaints could be filed under seal as well. [Dkt. 31].

4. As Co-Op's counsel, I have access to certain documents in Co-Op's possession, custody, and control. Co-Op is a party to a nondisclosure agreement with what is believed to be a subsidiary of Caldic B.V. ("Caldic")—Caldic Canada Inc. The NDA reads in pertinent part as follows:

> The Company and Third Party wish to explore a business possibility ("Transaction") under which the Company and Third Party may each disclose its Confidential Information to each other. . . . .

> "Confidential Information" means any and all information, technical data or know-how, including, but not limited to, that which relates to research, products, services, customers, markets, software, developments, inventions, processes, designs, presentation materials, analyses, forecasts, studies, drawings, engineering, marketing or finances, disclosed orally or in written or electronic form. . . . .
>
> ***Neither the receiving party or the disclosing party will***, without the other's prior written consent, ***disclose to any person*** the fact that the Confidential Information exists or has been made available, ***that either the disclosing party or the receiving party is considering a Transaction or that discussions or negotiations are taking or have taken place concerning a Transaction.***

(Emphasis added.)

5. Co-Op is also a party to an Asset Purchase Agreement with what is believed to be another of Caldic's subsidiaries—Caldic USA, Inc. The Asset Purchase Agreement reads in pertinent part as follows:

> Notwithstanding anything to the contrary contained in this Agreement, except as may be required to comply with the requirements of any applicable Law, ***from and after the date hereof, no party shall make any*** press release or similar public announcement or ***public communication relating to this Agreement*** unless specifically approved in advance by Buyer and Seller, which approval shall not be unreasonably withheld, conditioned or delayed. . . . .
>
> From and after the date hereof, each of Buyer and the Seller Parties shall, and shall cause each of their respective Affiliates to, keep confidential the terms and existence of this Agreement and the Transaction Documents and the negotiations relating thereto and all documents and information obtained by a party from another party in connection with the transactions contemplated hereby (collectively, the "Confidential Information") except (i) for disclosures otherwise made in satisfaction of any of the obligations under this Agreement or the Transaction Documents, (ii) to the extent required by applicable Law, (iii) for disclosures necessary to enforce or give effect to the terms of this Agreement, and (iv) each of Buyer and the Seller Parties

may disclose such information to such Person's equity holders or Affiliates, and their respective Representatives but subject to the provisions of the Confidentiality Agreement, dated August 3, 2017, by and between Caldic Canada Inc. and Seller (the "Confidentiality Agreement").

(Emphasis added.)

6. As explained in the accompanying Application, Co-Op contends that the "good cause" legal standard applies, because where where matters sought to be sealed are tangentially related to the case, the party seeking to seal such matter must show good cause for doing so. See *The Center for Auto Safety v Chrysler Group, LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016); but see *Delphix Corp. v. Actifio, Inc.* 2014 WL 4145520 at *1, fn. 2. (N.D. Cal. 2014).

7. Central to this lawsuit is Co-Op's contention that T&L wrongfully interfered with Co-Op's negotiations with Caldic regarding Caldic's acquisition of Co-Op. Thus, certain information that may be subject to the confidentiality provisions referenced above is important background and context for the material allegations in Co-Op's Motion and supporting documents. Further, this information may be commercially sensitive for Caldic, such as the date the negotiations began and the specific amounts offered for the purchase.

8. Further, Co-Op's Motion and supporting documents contain information and references to documents and materials that were the subject of the protective orders. T&L and third parties has designated these materials as Confidential and/or Highly Confidential and Co-Op must file under seal to prevent breach of its obligations to T&L and third parties.

9. Co-Op has met and conferred with counsel for T&L who represented that T&L does not oppose the Application; and Co-Op does not believe anyone opposes the accompanying Application.

10. Attached hereto as Exhibit A is the REDACTED VERSION OF DOCUMENTS PROPOSED TO BE FILED UNDER SEAL.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct

Executed this 11th day of March, 2022 at Meadowbrook, Pennsylvania.

By: _____
Ned M. Gelhaar

# **CERTIFICATE OF SERVICE**

I am employed in Orange County, State of California. I am over the age of 18 and not a party to the within action. My business address is 650 Town Center Drive, Suite 840, Costa Mesa, CA 92626.

On March 12, 2022, I served the following document(s) described as:

**DECLARATION OF NED M. GELHAAR, ESQ. IN SUPPORT OFPLAINTIFF'S APPLICATION FOR LEAVE TO FILE PORTIONS OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED UNDER SEAL**

on the interested party in this action as stated below:

| | |
|---|---|
| David Harford<br>**Bryan Cave Leighton Paisner LLP**<br>1920 Main Street Suite 1000<br>Irvine, CA 92612<br>*david.harford@bclplaw.com* | *Attorneys for Tate & Lyle Ingredients Americas LLC* |
| Jennifer A. Jackson<br>**Bryan Cave Leighton Paisner LLP**<br>120 Broadway Suite 300<br>Santa Monica, CA 90401-2386<br>*jjackson@bclplaw.com* | *Attorneys for Tate & Lyle Ingredients Americas LLC, Vincent Pinneri, and Perry Tessitore,* |
| David James Root<br>**Bryan Cave Leighton Paisner LLP**<br>120 Broadway, Suite 300<br>Santa Monica, CA 90401<br>*david.root@bclplaw.com* | *Attorneys for Tate & Lyle Ingredients Americas LLCVincent Pinneri. Perry Tessitore,* |

[X]   BY NOTICE OF ELECTRONIC FILING (NEF):  I checked the CM/ECF docket for this case and determined that the interested parties are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated above.

[X]   (FEDERAL) I declare under penalty of perjury under the laws of the United States that the above is true and correct.

*Jennifer Schamberger*
Jennifer Schamberger